# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF BEACON SALES ACQUISITION, INC. FOR AN ORDER GRANTING LEAVE TO ISSUE A SUBPOENA PURSUANT TO 28 U.S.C. § 1782<br><br>Applicant. | Case No. |

## BEACON SALES ACQUISITION, INC.'S APPLICATION FOR AN ORDER GRANTING LEAVE TO ISSUE A SUBPOENA PURSUANT TO 28 U.S.C. § 1782

Applicant Beacon Sales Acquisition, Inc. ("Beacon" or "Applicant"), by its undersigned counsel, hereby submits this *ex parte* Application to the Court pursuant to 28 U.S.C. § 1782 for an order granting Beacon leave to serve the subpoena attached as Exhibit A to James W. Ducayet's Declaration (attached hereto as Exhibit 1) on Sam Youn, a person located within this district. Allied requests this Order *ex parte* because such applications are commonly made and granted on an *ex parte* basis and do not implicate due process concerns. *See In re Mesa Power Grp., LLC*, Civ. A. No. 2:11-mc-280-ES, 2012 WL 6060941, at *4 (D.N.J. Nov. 20, 2012) ("[I]t is 'appropriate for this Court to issue the order on an *ex parte* basis, without prejudice to the rights of the subpoenaed parties to file a motion to vacate or quash' within thirty days of the issuance of this order.").

In support of its application, Beacon states as follows:

1. Allied Building Products, Inc. ("Allied") is a defendant in an action filed by S-Energy America, Inc. ("S-Energy") and pending before the Seoul Central District Court, Republic of Korea, captioned *S-Energy America, Inc. v. Allied Building Products Corp.*, Case No. 2018Gahap585603 ("Korean Litigation"). In 2018, Allied became part of Beacon as a result of the

merger of Allied with and into Allied Building Products LLC, and the subsequent merger of Allied Building Products LLC with and into Beacon. Beacon therefore brings this application on behalf of as Allied as its successor in interest. This Application seeks documents and deposition testimony from Sam Youn in relation to that litigation.

2. In its Complaint in the Korean Litigation, S-Energy America alleges that Allied breached the parties' contract for the purchase of solar panel modules by failing to take delivery of product specified in 87 different purchase orders.

3. During the time covered by the Complaint, Sam Youn acted as Allied's primary sales representative for S-Energy, and was personally involved in negotiating a number of the purchase orders at issue in the Korean Litigation.

4. In an effort to refute the allegations presented in the Complaint, Allied is seeking leave to issue a subpoena to Sam Youn. The specific evidence Applicant seeks relates to the course of dealing between Allied, Sam Youn, and S-Energy America, the exact nature of the relationship between Sam Youn and S-Energy, and communications related to the purchase orders at issue in the Korean Litigation.

5. Under 28 U.S.C. § 1782, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). Unless otherwise directed, "the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." *Id.* As further described in the accompanying Memorandum of Law, Section 1782's three statutory requirements and four discretionary factors are satisfied in this case.

6. Section 1782's three statutory requirements for judicial assistance are satisfied here

because (1) Youn resides in this District, (2) the documents sought are for use in a civil court proceeding in Korea, and (3) Beacon, as successor in interest to Allied, is an interested in that foreign proceeding.

7. If the statutory requirements are met, a district court may grant the discovery in its discretion. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). The four discretionary factors are satisfied because (1) Youn is not a party to the civil lawsuit in South Korea, and is outside of the Korean court's jurisdiction; (2) the Korean court is receptive to this Court's assistance, as evidenced by the Declaration of Kyunghoon Lee attached as Exhibit 3 to the memorandum in support of this application. *See also In re Application of PQ Corp. for Ex Parte Order to Obtain Discovery for Use in Foreign Proceedings*, No. 6:13-mc-9-Orl-36KRS, 2013 WL 3270407, at *6 (M.D. Fla. June 26, 2013) (finding Korean attorney's declaration that "it is high [sic] likely that the Korean courts would welcome" the information sought through a Section 1782 application, sufficient to satisfy the second discretionary factor); (3) this application is not made to circumvent Korean proof-gathering restrictions, and the discovery sought is consistent with U.S. discovery rules; and (4) the discovery sought is not unduly burdensome or intrusive.

WHEREFORE, pursuant to 28 U.S.C. § 1782, Beacon respectfully requests that the Court enter an order in the form filed herewith granting leave to issue the subpoena to Youn in the form attached as Exhibit A to the accompanying Declaration of James W. Ducayet, and retaining jurisdiction to address any disputes that may arise over the enforcement of the subpoena.

Date:  July 25, 2019                     Respectfully Submitted,


                                         By: *s/Kevin S. Weber*
                                         Kevin W. Weber

        kweber@gibbonslaw.com
        GIBBONS P.C.
        1 Gateway Center
        Newark, NJ 07102
        Tel: (973) 596-4500
        Fax: (212) 839-0545

*Attorney for Beacon Sales Acquisition, Inc.*